### ROBERTSON v. MERZ UNIVERSAL EXTRACTOR & CONSTRUCTION CO.

(Supreme Court, Appellate Division, First Department. March 20, 1896.)

PRACTICE—INQUEST—SETTING ASIDE—EVASION OF COURT RULES.

A case was set for trial on a certain day, on the supposition of the attorneys that it would not then be reached, and an understanding between them that it should not be tried then. The case being reached and called on that day, defendant's motion to postpone the trial, and set down the case for some day the following week, or place it on the next week's calendar, was refused, for insufficient application under the rules. Thereupon verdict was directed by consent of defendant's attorney, it being understood by the attorneys that this was to prevent the case going to the foot of the calendar, with an understanding that a motion should be made to set aside the inquest, and have the cause set for trial at an early day. *Held*, that while it was proper to set aside the inquest, and permit a trial on the merits, the case should have been ordered to the foot of the docket, and not have been set down for trial at an early date; the attempt being to evade the court rules.

Appeal from special term, New York county.

Action by Arthur Robertson against the Merz Universal Extractor & Construction Company. From an order setting aside an inquest taken at a trial term, and setting the case down for trial at a future date, plaintiff appeals. Modified.

The case was called January 2, 1896, and, by consent of counsel, was set down for trial January 10, 1896, which was Friday. The case was reached January 10, 1896, and called for trial. An application was made by the managing clerk of the defendant's attorney to postpone the trial, and set the case down for some day the following week, or place it on the next clerk's calendar. He produced his affidavit, showing that defendant's attorney had been obliged to go to Chicago January 7, 1896, to engage in the trial of a case in the United States court, and that he was actually engaged in such trial, and would not reach the city of New York earlier than the following Sunday night or Monday morning. The plaintiff's counsel was willing that the case be postponed until the following week if it could then be tried, and

prevented from going to the foot of the calendar. The court refused to make such disposition of the case, holding that the application for the postponement was insufficient, under the rules. The trial was then proceeded with. A jury was impaneled, and thereupon the managing clerk of the defendant's attorney consented that the court might order a verdict without any evidence being given by the plaintiff; and the verdict was so ordered. A motion was promptly made to set aside the inquest, restore the case to the calendar, and set it down for trial. Upon this motion, it appeared that the defendant's attorney, on the day before the cause was originally called and set down for trial, Friday, January 10, 1896, instructed his managing clerk to keep the whole week commencing January 10, 1896, clear of court engagements, as such attorney must be absent from New York City, and in Chicago, during that week, in the trial of a cause in United States court; that when the case was called, however, such managing clerk consented to the cause being set down for Friday, January 10, 1896, upon the understanding and assurance (but not of the court) that the case could not possibly be reached on that day, but it would then take its place early in the following week, and would be likely to be tried on Monday, January 13, 1896. Having made this disposition of the cause, he at once informed defendant's attorney what he had done, and the attorney expressed at the time his fear that, through the stringency of the new rules, the case might come up on Friday, and it might be difficult or impossible to have it held until the following Monday. The managing clerk, however, expressed the opinion that setting the case down for Friday would result in its not coming to trial until the following Monday. The attorney, therefore, left for Chicago, and was away when the case came on for trial, on Friday, January 10, 1896. Upon this motion, it also appeared that it was not the intention of the parties that the consent of defendant to a verdict being ordered for plaintiff should in any way interfere with defendant's motion, to be thereafter made, to set aside the inquest, and have the case set down for trial at a future day. The managing clerk so testified, and plaintiff's attorney did not deny it. The court made an order February 5, 1896, setting aside the inquest upon the payment of $10 costs, and setting the cause down for trial February 17, 1896; and from this order plaintiff appeals.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

B. F. Einstein, for appellant.

Frank J. Dupignac, for respondent.

WILLIAMS, J. It is very apparent to us that the counsel in this case undertook to evade the rules of the court. It is not disputed that when they agreed to set the cause down for trial on Friday, January 10, 1896, they had no intention of trying the case on that day. The defendant's counsel intended then to do just what he did do,—go to Chicago, and remain there until Friday had passed. Plaintiff's counsel apparently did not intend to try the case on that day either, but asked consent from defendant's counsel to a direction of a verdict, so as to prevent the case from going to the foot of the calendar. The counsel deliberately and voluntarily put themselves in this position, and then arranged to save the cause from going to the foot of the calendar under the rules. And, to effect their purpose, consent was given that a verdict be ordered, with the understanding that a motion should thereupon be made to set aside the inquest, and have the cause set down for trial at an early day. The special term fell into the error of allowing this arrangement to succeed. This court cannot permit its rules to be so trifled with and evaded. The special term might very properly, under the circumstances, set aside the inquest, and permit a trial of the case on the merits; but, considering the ac-

tion of counsel, the special term should not have set the case down for trial at an early day.

The order should be modified by striking out the direction that the case be set down for trial February 17, 1896, and inserting a provision that it be ordered to the foot of the calendar; and the order, as so amended, should be affirmed, without costs. All concur.